IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES LEE SMITH JR., § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-471-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner James Lee Smith Jr., TDCJ # 1348757, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On January 23, 2006, Smith entered negotiated guilty pleas to six instances of aggravated robbery with a deadly weapon in Case Nos. 0972374D, 0972403D, 0972416D, 0973023D, 0973259D, and 0982857R in the 372nd District Court of Tarrant County, Texas, and was sentenced to forty years' confinement in each case, the sentences to run concurrently. Smith did not directly appeal his convictions or sentences. (Petition at 3) Thus, the judgments of conviction became final thirty days later on February 22, 2006. On December 22, 2006, Smith filed six applications for writ of habeas corpus, one for each conviction, in state court, raising the ineffective assistance claims he raises now, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 19, 2007. *See Ex parte Smith*, State Habeas Appl. Nos. WR-65,846-03 – WR-65,846-06, WR-65,846-08 & WR-65,846-10. On August 7, 2008, Smith filed six federal petitions for writ of habeas corpus, which have been consolidated with this action. As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Smith filed a reply.

## D. Statute of Limitations

Quarterman argues that Smith's petition for writ of habeas corpus should be dismissed as time-barred. (Resp't Preliminary Resp. at 3-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgments of conviction became final upon expiration of the time that Smith had for filing a timely notice of appeal on February 22, 2006.[1] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the one-year

---

[1] Quarterman argues that the trial court's judgments of conviction became final for purposes of subsection (A) on January 23, 2006, when the judgments were entered and the trial court certified that Smith did not possess the right to appeal. (Resp't Preliminary Resp. at 3) Smith voluntarily waived his right to appeal, among other rights, as part of the plea bargain agreements. A review of relevant federal cases reveals that under these or similar circumstances the limitations period starts after expiration of the statutory appeal time. *See, e.g., Flournoy v. Director*, Civil Action No. 6:06-CV-555, slip copy, 2007 WL 545684, at *3 (E.D. Tex. Feb. 16, 2007); *Hennington v. Johnson*, Civil Action No. 4:00-CV-0292-A, slip copy, 2001 WL 210405, at *2 (N.D. Tex. Feb. 28, 2001). *See also Eckenrode v. U.S.*, Nos. EP-00-CA-027-DB & EP-97-CR-781-DB, slip copy, 2000 WL 33348759, at *2 (W.D. Tex. Aug. 2, 2000).

3

limitations period expired one year later on February 22, 2007, absent any applicable tolling.

Smith is entitled to statutory tolling of the limitations period under § 2244(d)(2) during the pendency of his state habeas applications, or 271 days, making his petition due on or before November 20, 2007. However, he has failed to allege and demonstrate circumstances warranting equitable tolling of the limitations period.[2] *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Smith appears to argue that he has exercised due diligence and that his petition should not be time-barred because an inadequate law library at the Fort Stockton Unit, where he was housed for over a year, was a state imposed impediment to filing his petition. (Pet'r Reply at 2-3) However, an inadequate law library generally does not constitute rare and exceptional circumstances warranting equitable tolling of the federal limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Felder*, 204 F.3d at 171. Moreover, Smith wholly fails to state

---

[2]Quarterman argues that equitable tolling is not applicable to federal habeas petitions based on the recent Supreme Court opinion in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), however, the Fifth Circuit Court of Appeals has rejected this argument. *United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir. 2008).

4

with specificity the period of time he was housed at the Fort Stockton Unit or how the prison law library was inadequate nor does he present any evidence in support of his assertions. Further, Smith's delay in filing his state habeas applications mitigate against the application of the equitable tolling doctrine. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Smith's federal petition was due on or before November 20, 2007. Therefore, his petition filed on August 7, 2008, beyond the limitations period, is untimely.

## II. RECOMMENDATION

Smith's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 27, 2008.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE